UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA LOPEZ,<br><br>            Plaintiff,<br><br>            v.<br><br>AMAZON.COM, INC. and PRIME NOW LLC,<br><br>            Defendants. | Case No.: 1:22-cv-08721-JPC |

## CONFIDENTIALITY STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and among counsel for the respective parties in this action as follows:

The parties having agreed to the following terms of confidentiality, it is therefore hereby agreed that any person subject to this Confidentiality Stipulation ("Stipulation") including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Stipulation shall adhere to the following terms:

1. Any person subject to this Stipulation who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in discovery in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Stipulation shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Stipulation.

2. The person producing any given Discovery Material may designate as "Confidential" such portion(s) of Discovery Material that contains non-public business,

1289856 v1

commercial, financial, personnel, medical, psychological, psychiatric or personal information, including, but not limited to, personal contact information, social security numbers, and dates of birth, the public disclosure of which is either restricted by law or which, in the good faith opinion of the producing person, warrants such a designation pursuant to the Federal Rules of Civil Procedure and interpretive case law.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either (i) on the record during the deposition or (ii) until thirty (30) days after receipt of the deposition transcript.

4. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Materials should be treated as Confidential under this Stipulation.

5. The Parties agree to keep any dates of birth, personal contact information, and social security numbers as Confidential. The Parties agree not to file or publicly disclose any documents containing a date of birth or social security number unless the date(s) of birth or social security number(s) is redacted in the document.

6. No person subject to this Stipulation other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

   i) the Parties to this action and any director, officer or employee of Defendants Amazon.com, Inc., and Prime Now LLC (together, "Defendants") to the extent

1289856 v1

|      |                                                                                                                                                                                                                                                                      |
| ---- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|      | deemed reasonably necessary by counsel for Defendants for the prosecution, defense or settlement of this action;                                                                                                                                                     |
| ii)  | counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;                                                                                                          |
| iii) | any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Stipulation; |
| iv)  | any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (and the employees and agents of such person), provided such person has first executed a Non- Disclosure Agreement in the form attached to this Stipulation; |
| v)   | any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;                                                                                                                     |
| vi)  | stenographers engaged to transcribe depositions conducted in this action; and                                                                                                                                                                                        |
| vii) | the Court and its support personnel.                                                                                                                                                                                                                                 |

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6.iii-vi above, such person shall be provided by counsel with a copy of this Stipulation and shall sign a Non-Disclosure Agreement in the form attached to this Stipulation. Counsel shall retain each signed Non-Disclosure Agreement.

8. For applications and motions to the Court in connection with which a Party submits Confidential Discovery Material, all documents containing such Material that are submitted to the Court shall be filed electronically and under seal pursuant to the procedures provided in Magistrate Judge Gabriel W. Gorenstein's Individual Practices and/or District Judge John P. Cronan's Individual Rules and Practices in Civil Cases, as applicable, except as otherwise modified by the Court. The Parties agree that the Court is ultimately responsible for determining whether there is sufficient justification for the non-public filing of Confidential Discovery Material, and should the Court deny a Party's request to file a particular document under seal, it will not be a breach of this Agreement for a Party to publicly file such document.

9. Notwithstanding the preceding paragraph, to avoid the unnecessary filing of

1289856 v1

documents under seal, counsel for the Parties will discuss, in good faith, the need to file Confidential Material under seal. If the parties agree that Confidential Material may be publicly filed, such filing will not be a breach of this Agreement.

10. Irrespective of any designation as Confidential, Confidential Discovery Material does not include any document or information which is (i) in the public domain, or (ii) enters the public domain after execution of this Agreement, provided that the document or information is not made public in violation of this Agreement or otherwise in a wrongful manner. Notwithstanding any other term in this Agreement, designation of any document or information as "Confidential" pursuant to this Agreement shall not prohibit a producing party from using its own documents or information in the ordinary course of its business in a manner that is consistent with its efforts to maintain the confidentiality for such material.

11. Any party who objects to any designation of confidentiality or to further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and

1289856 v1

its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

15. All material designated Confidential obtained in discovery in this litigation, shall be used by the recipient solely for the prosecution or defenses of the claims in the above-captioned litigation, including appeals, and shall not be used by the recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media, or other purposes. It shall be the duty of each party and each individual having notice of this Stipulation to comply with this Stipulation from the time of such notice.

16. This Stipulation shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, upon request by the producing party, all Discovery Material designated as "Confidential," including copies, shall either be returned promptly to the producing person, or destroyed.

Notwithstanding the foregoing, any and all:

i) electronic versions of Discovery Material designated as "Confidential," shall be destroyed by the non-designating/receiving party; and
ii) deposition transcripts memorializing the adverse party's deposition(s), including those designated as "Confidential" and those not designated as "Confidential" shall be destroyed by each adverse party.

Notwithstanding this provision, the attorneys that the Parties have specifically retained for

1289856 v1

this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.

17. This Stipulation shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulation other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

18. Nothing in this Stipulation shall preclude a party offering information subject to this Confidentiality Stipulation into evidence or from using any such information in the course of examining or cross-examining any witness at the trial of this action or during a deposition conducted in this action.

19. This Confidentiality Stipulation shall be, and is hereby, adopted by the undersigned attorneys, as an order of this Court, as though it were submitted to the Court for signature, which shall be effective as of the date hereof.

1289856 v1

Dated: June 12th, 2023
New York, New York

Dated: June 9, 2023
New York, New York

GENDER EQUALITY LAW CENTER

*Allegra L. Fishel*
Allegra L. Fishel
Gabriela Rendón
157 13th Street
Brooklyn, New York 11215
347-844-9003; Ext. 1
afishel@genderequalitylaw.org
grendon@genderequalitylaw.org
*Attorneys for Plaintiff*

VLADECK, RASKIN & CLARK, P.C.

*Maia Goodell*
Brandon R. White
565 Fifth Avenue, 9th Floor
New York, New York 10017
(212) 403-7300
(212) 221-3172 (fax)
mgoodell@vladeck.com
bwhite@vladeck.com
*Attorneys for Plaintiff*

MORGAN, LEWIS & BOCKIUS LLP

By: *August W. Heckman* /ECE
August W. Heckman
502 Carnegie Center
Princeton, NJ 08540-6289
Telephone: +1.609.919.6696
Fax: +1.609.919.6701
august.heckman@morganlewis.com

Elisa C. Egonu
101 Park Avenue
New York, NY 10178-0060
Telephone: 212.309-6000
Fax: (212) 309-6001
elisa.egonu@morganlewis.com

*Attorneys for Defendants*

SO ORDERED:

*Gabriel W. Gorenstein*

GABRIEL W. GORENSTEIN
United States Magistrate Judge

June 13, 2023

1289856 v1